**In re Conditional Admission
of Applicant No. 30810,
Jennifer HOFFMAN.**

No. 94S00–0612–BL–539.

Supreme Court of Indiana.

March 23, 2007.

*ORDER REVOKING CONDITIONAL
LICENSE TO PRACTICE LAW*

Jennifer Hoffman ("Respondent") was conditionally admitted to the Indiana bar on May 12, 2006, pursuant to certain terms and conditions established by the Board of Law Examiners ("the Board") set out in Consent Agreement signed by the Respondent. *See* Admission and Discipline Rule 12 § 6(c). The Consent Agreement provided that any violation of the conditions of admission may result in further proceedings pursuant to Admission and Discipline Rule 12 § 10 to determine whether the Board should recommend revocation of her conditional admission.

Because of Respondent's failure to abide by the terms of her conditional admission, the Board scheduled Respondent to appear before the full Board on November 17, 2006, to show cause why her conditional admission should not be revoked. At the hearing, Respondent admitted being out of compliance with the Consent Agreement. After considering the Respondent's admission and other evidence, the Board determined Respondent was out of compliance and, per Admission and Discipline Rule 12 § 10, filed with this Court a "Notice of Recommendation of Revocation of Conditional Admission" ("Notice") asking us to revoke Respondent's admission and recommended that Respondent not be permitted to submit a new application for two years. The Board also prepared certified findings in accordance with Admission and Discipline Rule 12 §§ 8 and 10, and attached those findings to the Notice. Respondent was served with the Notice and its attachments.

After reviewing the Notice, the Court issued an order on January 9, 2007, allowing Respondent thirty days within which to file any response. Respondent failed to file any response.

The Notice and attached certified findings establish that Respondent failed to abide by the terms of her conditional admission. Based on the Notice and certified findings, as well as Respondent's failure to respond thereto, the Court finds that the license of Jennifer Hoffman to practice law in Indiana should be, and hereby is, REVOKED, effective immediately. Further, Respondent SHALL NOT SUBMIT a new application for admission to the Bar of Indiana for a period of **two years** from the date of this order.

The Clerk is directed to provide notice of this order in accordance with Admission and Discipline Rule 23 § 3(d) and to provide the Clerk of the U.S. Court of Appeals for the Seventh Circuit, and the clerks of the U.S. District Courts and U.S. Bankruptcy Courts of this state with Respondent's personal and business addresses.

All Justices concur.